# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ARTHUR RAMOS DAMIAN,**
**A# 038-447-712**

    **Petitioner,**

vs.                                                  **Case No. 4:20cv388-MW-MAF**

**WILLIAM P. BARR, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

The pro se Petitioner filed a petition for writ of habeas corpus, ECF No. 1, pursuant to 28 U.S.C. § 2241 in early August 2020. Petitioner claimed there was no significant likelihood that he would be removed to his native country (the Philippines), and he sought release from detention. *Id.*

Service was directed, ECF Nos. 4-5, and Respondents filed a response to the petition on October 30, 2020, asserting that the petition should be denied because there was "a significant likelihood that the Petitioner [would] be removed to the Philippines in the reasonably foreseeable future." ECF No. 8 at 5. Respondents said that a travel

document had previously been issued by the government of the Philippines and Petitioner was tentatively scheduled to be removed from the United States on November 2, 2020. ECF No. 8 at 1-2, 4. The response also clarified that flights to the Philippines had resumed on June 23, 2020. ECF No. 8 at 4.

Shortly thereafter, Respondents filed a supplemental exhibit demonstrating that a travel document had been issued for Petitioner from the Philippines on October 21, 2020. ECF No. 9 at 1. The document was valid until November 20, 2020. *Id.* at 1; *see also* ECF No. 9-1.

An Order was entered on November 3, 2020, providing an opportunity for Petitioner to address that response. ECF No. 10. On November 12, 2020, Petitioner's copy of that Order was returned to the Court as undeliverable. ECF No. 11. No helpful information is included on that return other than a stamp indicating Petitioner is no longer at the Wakulla County Detention Facility.

Based on the response and supplement filed by Respondents, it is presumed that Petitioner has now been removed from the United States. Accordingly, because it appears that Petitioner is no longer in detention, the § 2241 petition should be dismissed as moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed by Arthur Ramos Damian, ECF No. 1, be **DISMISSED** as moot.

**IN CHAMBERS** at Tallahassee, Florida, on November 19, 2020.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**